UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASKAMAL GILL,

Plaintiff,

v.

REGAL TRANSPORT LTD et al.,

Defendants.

CASE NO. 2:25-cv-02057-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. Plaintiff Jaskamal Gill filed suit in King County Superior Court related to a traffic accident, Dkt. No. 1-2, and Defendants Regal Transport Ltd. and Harpreet Mann removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Dkt. No. 1 at 2. In the notice of removal, Defendants aver that Plaintiff is "a resident of Washington"; Mann is a "resident of British Columbia" and "not a citizen of the State of Washington"; and Regal Transport is a "resident of and organized in British Columbia" and "not a citizen of the State of Washington." *Id.* at 2–3.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P.

12(h)(3). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Here, Defendants do not adequately set forth any party's citizenship. As to Gill and Mann, individuals are citizens of the place in which they are domiciled, which is not necessarily the same as where they reside. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Defendants only provide Gill and Mann's potential residences, which does not establish domicile.

As to Regal Transport, foreign entities are not domestic corporations and therefore are not subject to 28 U.S.C. § 1332(c), but rather to 28 U.S.C. § 1332(a)(2), which covers "citizens or subjects of foreign states." *See Cohn v. Rosenfeld*, 733 F.2d 625, 630 (9th Cir. 1984). "Section 1332(a)(2) applies to foreign legal entities of all kinds, so long as the entity is considered a juridical person under the law that created it." *Id.* at 629; *see also* JURIDICAL PERSON/ARTIFICIAL PERSON, Black's Law Dictionary (12th ed. 2024) (A juridical person is "[a]n entity, such as a corporation, created by law and given certain legal rights and duties of a human being; a being, real or imaginary, who for the purpose of legal reasoning is treated more or less as a human being."). In making this determination, the Court may consider whether the entity in question has certain traditional corporate characteristics, such as: (1) the protections of limited liability; (2) the ability to sue and be sued in its own name; and (3) the capacity to retain any recovery from a lawsuit as an asset of the entity. *See Cohn*, 733 F.2d at 629 (discussing reasons that party had

"juridical personality"). Defendants provide none of this information about Regal Transport, so the Court is unable to determine citizenship.

"Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]" *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Therefore, the Court orders Defendants to SHOW CAUSE within seven days why this case should not be remanded for lack of complete diversity of citizenship. Gill may file an optional reply brief no later than five days following Defendants' response to the show cause order.

Dated this 5th day of August, 2026.

Lauren King
United States District Judge